SWANN, Judge.
Bertram Yacht Yard, Inc., joined by Ralph R. Gilster, appeals a summary final *366 judgment entered in favor of the appellee, Florida Wire & Rigging Works, Inc. The facts giving rise to this appeal are briefly as follows.
Ralph R. Gilster filed a complaint at law for damages against Bertram, Florida Wire & Rigging Works, Inc., and other defendants, alleging, generally, that his vessel fell and was damaged when a steel cable broke on a boat lift owned and operated by Bertram. He charged Bertram with negligence and alleged that the appellee, who was employed by Bertram to inspect and test the cables, was negligent in the performance of its duties. Bertram filed a cross claim against the appellee, alleging it had employed appellee to inspect the cables and charging them with negligence in the performance of these duties.
The trial court thereafter entered a summary final judgment in favor of the appel-lee and this appeal was timely taken by the defendant, Bertram, and the plaintiff, Gil-ster.
The record does not reflect any legal or binding agreement between Bertram and the appellee providing for the inspection or maintenance of the steel cables belonging to Bertram. Clearly, therefore, the ap-pellee was under no contractual duty to inspect or maintain the cables in question.
Bertram admits that no monetary consideration was paid to the appellee for periodic inspections of the cables. However, Bertram contends that the purchase of replacement cable from the appellee was contemplated if it were advised that maintenance or replacement were needed.
Assuming, arguendo, that the appellee had undertaken the inspection of the cables and had a duty to exercise reasonable care in carrying out this inspection, the question is whether it appeared without issue that the appellee exercised reasonable care under the circumstances.
The record indicates that the appellee had been inspecting the wire cables in question at approximately six-month intervals. During the last inspection, prior to the accident, an employee of the appellee, Mr. Killian, noted some possible damage to the cables. Mr. Killian had a conversation with the maintenance foreman and with the assistant yard manager of Bertram, advising them that the cables should be replaced. Bertram does not dispute this conversation, but contends that the foreman told Mr. Kil-lian that the report concerning the cables should be made directly to the general manager.
Bertram’s sole contention on appeal is that the information was imparted or given to an agent of the corporation who had no authority in this matter and that therefore there was no information given or imparted to the corporation. In Joel Strickland Enterprises v. Atlantic Discount Co., Fla.App.1962, 137 So.2d 627, the court said:
* sii * * * *
“The general rule is well settled that a principal is chargeable with notice or knowledge received by his agent while acting within the scope of his authority.
“There is, however, a well established exception to this general rule, where the conduct of the agent is such as to raise a clear presumption that he would not communicate to the principal the facts in controversy, as where an agent is in reality acting in his own business or for his own personal interest and adversely to the principal. * * * ” (Emphasis added)
«i» s|í H* sfc
The record reflects that the information concerning the cables was given to the person who was charged directly with the responsibility for the maintenance of the cables and was also given to the assistant manager, inasmuch as the general manager of the appellant was absent from the yard. Therefore, the general rule stated, supra, would apply and not the exception.
*367 Appellee had inspected the cable and had given information of the defective cable to Bertram through its agent or employees prior to the accident. This was all that appellee was reasonably required to do and no liability can attach to it for the failure of the cable.
The decision of the trial court is therefore
Affirmed.